UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

United States of America,

               Plaintiff,

  - against -

Fabio Gasperini,

               Defendant.

Index No. 16-CR-441

**NON-PARTY LINODE, LLC'S NOTICE OF MOTION TO QUASH SUBPOENA FOR TESTIMONY**

---

PLEASE TAKE NOTICE THAT upon the Declaration of Jesse Alter, dated June 30, 2017, the Affidavit of Russell L. Lichtenstein, sworn to on June 30, 2017 (annexed to the Memorandum of Law) and the accompanying Memorandum of Law, Non-Party Linode, LLC ("Linode") will move this Court at Courtroom No. 4D, 225 Cadman Plaza East, Brooklyn, New York 11201, on July 12, 2017 at 10 a.m. for an Order pursuant to Fed. R. Crim. P. 17(c)(2) to quash the Subpoena to Testify, dated June 16, 2017, served upon Linode in the above caption case (the "Witness Subpoena").

Dated: June 30, 2017

                               SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP

                               By: _____
                               Lynn Judell (LJ1210)
                               270 Madison Avenue
                               New York, New York 10016
                               212.743.7000
                               Attorneys for Non-Party Linode, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

United States of America,

    Plaintiff,         Index No. 16-CR-441

 - against -

Fabio Gasperini,

    Defendant.

―――――――――――――――――――――――――

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LINODE, LLC TO QUASH SUBPOENA TO TESTIFY**

### I. Introduction

On June 19, 2017, non-party Linode LLC, a New Jersey limited liability company ("Linode") received a subpoena to testify in the above captioned matter with respect to certain business records produced by Linode pertaining to the Defendant, hereto attached as Exhibit "A" (the "Witness Subpoena"). *See* Exhibit A. In the relevant part, the Witness Subpoena compels Linode to "produce a qualified employee to testify regarding the records produced in connection with the accounts associated with [the Defendant]." *Id.*

Pursuant to the Declaration of Jesse Alter, hereto attached as Exhibit "B" (the "Alter Dec."), Linode understood the Witness Subpoena's reference to "records produced in connection with" the Defendant to refer to certain business records previously supplied to the New York field office of the United States Federal Bureau of Investigations (the "FBI") by Linode. *Alter Dec.*, ¶¶ 11-15. *See* Exhibit B. These business records consisted of Linode's responses to a grand jury subpoena bearing identification number 15-R00439, issued by the United States District Court for the Eastern District of New York and dated March 25, 2015, hereto attached as Exhibit "C" (the

"2015 Subpoena"), a search and seizure warrant bearing identification number 15-M00542, issued by the United States District Court for the Eastern District of New York and dated June 12, 2015, hereto attached as Exhibit "D" (the "2015 Warrant") and a grand jury subpoena bearing identification number 15-R00439, issued by the United States District Court for the Eastern District of New York and dated November 17, 2016, hereto attached as Exhibit "E" (the "2016 Subpoena"). *See* Exhibits C, D and E.

Pursuant to Fed. R. Evid. 902(11), Linode has issued certificates of authenticity executed by a qualified Linode employee for each of Linode's responses to the 2015 Subpoena, hereto attached as Exhibit "F (the "2015 Subpoena Certificate of Authenticity"), to the 2015 Warrant, hereto attached as Exhibit G" (the "2015 Warrant Certificate of Authenticity") AND to the 2016 Warrant, hereto attached as Exhibit "H" (the "2016 Warrant Certificate of Authenticity"). *See* Exhibits F, G and H.

Each of the certificates of authenticity issued by Linode in the instant matter represents an efficient compromise between the need for authenticated business records in legal proceedings and the costs for complying with the legal process. However, in deviating from the routine practice of accepting duly executed self-authenticating business records, the Government disturbs the balance and marriage of interests sought to be achieved by Fed. R. Evid. 902(11). As such, and for the reasons provided below, Linode respectfully requests that this Court quash the Witness Subpoena as unreasonable and oppressive consistent with the protections proscribed by Fed. R. Cr. P. 17(c)(2).

## II. Statement of Facts

On or around March 27, 2015, Linode received service of the 2015 Subpoena, *Alter Dec.*, ¶ 11. The 2015 Subpoena compelled Linode to appear and testify regarding Linode business records associated with the Defendant, or, in lieu of providing in-person testimony,

> may comply with this subpoena by providing certified copies of the requested documents along with a business records certification pursuant to Federal Rules of Evidence 803(6) and 902(11) to [Special Agent's Name and Contact Information Redacted]. *See* Exhibit C.

Pursuant to the above 2015 Subpoena instruction, Linode submitted four (4) pages of data responsive to the 2015 Subpoena to the FBI on March 31, 2015, hereto attached as Exhibit "I" (the "2015 Subpoena Production"), in lieu of providing in-person testimony. *Alter Dec.*, ¶ 12.

On or around June 15, 2015, Linode received service of the 2015 Warrant, *Alter Dec.*, ¶ 14. The 2015 Warrant compelled Linode to appear and testify regarding Linode business records associated with the Defendant. *See* Exhibit D. Consistent with the Linode's past practices with the FBI's New York field office, Linode submitted a disk image of data responsive to the 2015 Warrant to the FBI on June 22, 2015 (the "2015 Warrant Production"), in lieu of providing in-person testimony. *Alter Dec.*, ¶ 16.

On or around November 17, 2016, Linode received service of the 2016 Subpoena, *Alter Dec.*, ¶¶ 16. The 2016 Subpoena compelled Linode to appear and testify regarding Linode business records associated with the Defendant. *See* Exhibit E. Consistent with the Linode's past practices with the FBI's New York field office, Linode submitted twenty two (22) pages of data responsive to the 2016 Subpoena to the FBI on November 18, 2016, hereto attached as Exhibit "J" (the "2016 Subpoena Production"), in lieu of providing in-person testimony. *Alter Dec.*, ¶ 17.

### III.   Argument

**A. The Government is Unable to Satisfy its Evidentiary Need for Witness Testimony**

The foundation of Linode's motion to quash the Subpoena arises from Rule 17 of the Federal Rules of Criminal Procedure. As summarized by this Court in 2015,

> Under [Fed. R. Crim. P. 17(c)(2)], a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. Rule 17 also provides, however, that upon a motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive. *United States v. Ashburn*, 2015 U.S. Dist. LEXIS 29413 (E.D.N.Y. Mar. 6, 2015) (citation omitted).

In *Ashburn*, the United States Attorney for the Eastern District of New York argued that "whether a non-party subpoena complies with Rule 17 is governed by the Supreme Court's decision in *United States v. Nixon*." *Id.* at *3. This position was accepted by the Court, leading the Court to conclude that "the party seeking to enforce a Rule 17 subpoena must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity," which specifically requires a showing that the subject of the subpoena could "not otherwise [be procured] reasonably in advance of trial by exercise of due diligence." *Id.*

This Court's determination with respect to a subpoena seeking party's burdens of proof echoes the United States Second Circuit Court of Appeals' interpretation of Fed. R. Crim. P. 17, which has determined that where "a party moves to quash a subpoena as unduly unreasonable or oppressive, the party seeking compliance must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *United States v. Barnes*, 560 Fed. Appx. 36 (2d Cir. Mar. 21, 2014) (citation omitted).

Both the *Ashburn* and *Barnes* decisions provide that the party seeking to enforce a subpoena has an affirmative duty to show that the subject of the subpoena could not be satisfied by reasonable alternative means when confronted with a motion to quash. In the instant matter, the Witness Subpoena seeks to compel Linode's custodian of records to provide testimony limited to the objective facts recorded in the 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production. *See* Exhibit A. Linode has not been called as an expert witness for the Government, nor is Linode being compelled to provide any analysis of the data found in the 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production. As such, the testimony sought by the Government with respect to Linode is redundant in light of the 2015 Subpoena Certificate of Authenticity, 2015 Warrant Certificate of Authenticity and 2016 Subpoena Certificate of Authenticity, rendering the Government unable to satisfy its evidentiary burdens under Fed. R. Crim. P. 17.

### B. Compelling Fact Witness Testimony 2015 Subpoena Certificate of Authenticity, 2015 Warrant Certificate of Authenticity and 2016 Subpoena Certificate of Authenticity is Unreasonable and Oppressive

Consistent with the United States Second Circuit Court of Appeals' interpretation of Fed. R. Evid. 902(11) and Fed. R. Evid. 803(6), "a record of regularly conducted business activity is eligible for admission as self-authenticating" if the record is accompanied by a written declaration of its custodian, or other qualified person, who certifies that that

(1) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(2) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(3) making the record was a regular practice of that activity;

(4) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

> (5) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. *United States v. Komasa*, 767 F.3d 151 (2d Cir. Vt. Aug. 28, 2014).

In arriving at its decision in favor of permitting the business records which satisfy the self-authenticating process proscribed by Fed. R. Evid. 902(11) and Fed. R. Evid. 803(6) in lieu of witness testimony, the Second Circuit closely relied on the advisory committee notes which accompany Rules 902 and 803. *Id.* at 154. To this end, the Second Circuit determined that

> Rule 902(11) was added to create a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness. When Rule 902(11) was added, Rule 803(6) was also amended so that the foundation requirements of Rule 803(6) could be satisfied under certain circumstances **without the expense and inconvenience of producing time-consuming foundation witnesses**. Fed. R. Evid. 803. *Id.* at 155 (citations omitted) (emphasis supplied).

In the instant matter, the records contained in the 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production consisted solely of data recorded at or near the time such data was entered or transmitted by the applicable Linode subscriber, which was logged and maintained by Linode's automated systems in the course of regularly conducted activity as a regular Linode practice. *Alter Dec.*, ¶¶ 13, 15 & 17. Linode is not aware of, and has no reason to believe, any allegation of untrustworthiness with respect to the 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production and each response's certificate of authentication.

The Government wishes for Linode to provide testimony which will solely be restricted to the four corners of the 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production. However, the 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production represent business records within the meaning of Fed. R. Evid. 803(6), and the 2015 Subpoena Certificate of Authentication, 2015 Warrant Certificate of Authentication and 2016 Subpoena Certificate of

5

Authentication comply with the requirements of Fed. R. Evid. 902(11). To this end, the Second Circuit has affirmed the rejection of subpoenas when the information being sought serves a solely cumulative purpose. *N.Y. Times Co. v. Gonzales*, 459 F.3d 160, 171 (2d Cir. Aug. 1, 2006) *citing United States v. Burke*, 700 F.2d 70, 76, 1983 (2d Cir. Jan. 28, 1983).

    Similarly, where a witness subpoena overlaps with other duplicative evidence, courts in this circuit have restricted witness examination to non-cumulative questions. *United States v. Forbes*, 2006 U.S. Dist. LEXIS 50595 (D. Conn. July 25, 2006). However, even this solution of last resort is unavailable to Linode, as no Linode employee is qualified to provide analysis of its 2015 Subpoena Production, 2015 Warrant Production and the 2016 Subpoena Production with respect to possible criminality. Therefore, the Witness Subpoena as cumulative and unreasonable in light of the facts.

## IV. Conclusion

For the reasons stated above, Linode respectfully requests this Court to deem the Witness Subpoena to be unreasonable and oppressive and that it be quashed in its entirety.

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP

Dated: June 30, 2017

By: _____
Lynn Judell (LJ 1210)
270 Madison Avenue
New York, New York 10016
212.743.7000
Attorneys for Non-Party Linode, LLC

7

## Certificate of Good-Faith Conference

Pursuant to the Affidavit Russell L. Lichtenstein, corporate counsel for Linode, hereinafter attached as Exhibit "K," Linode, through its counsel, conferred telephonically with Assistant United States Attorney Saritha Komartireddy, counsel for the Government, on June 19, 2017 (the "Conference"). Consistent with the Conference, Ms. Komartireddy advised that the Government would not accept the 2015 Subpoena Certificate of Authentication, 2015 Warrant Certificate of Authentication and 2016 Subpoena Certificate of Authentication in lieu of testimony by Linode, that the Government would not withdraw the Witness Subpoena, and that the Government is opposed to the relief sought in this motion.

Dated: June 30, 2017

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP

By: _____
Lynn Judell (LJ 1210)
270 Madison Avenue
New York, New York 10016
212.743.7000
Attorneys for Non-Party Linode, LLC

8

## Certificate of Service

I hereby certify that on June 30, 2017, I electronically filed the foregoing notice of motion to quash and accompanying memorandum of law with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP

By: _____

Dated: June 30, 2017

Lynn Judell (LJ 1210)
270 Madison Avenue
New York, New York 10016
212.743.7000
Attorneys for Non-Party Linode, LLC