UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA            **MEMORANDUM & ORDER**

-against-                           16-CR-441 (NGG)

FABIO GASPERINI,

                Defendant.

------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

    Before the court is the Government's motion in limine[1] seeking to preclude Defendant from claiming that the Government forged documents produced in discovery and from calling Saritha Komatireddy, one of the prosecuting Assistant United States Attorneys (the "AUSA"), as a witness at trial. (July 6, 2017, Gov't Ltr. ("MIL") (Dkt. 80) at 5-6.) For the reasons that follow, the court GRANTS the motion.

**I.    BACKGROUND**

    The court assumes familiarity with the allegations against Defendant. (See May 31, 2017, Mem. & Order (Dkt. 45) at 2-3.) Accordingly, the court recites only those facts and allegations that are relevant to the present motion.

    During discovery, the Government provided Defendant with records that it states were obtained from Italian law enforcement. The first set of documents consist of a summary of information from various businesses obtained by Italian law enforcement officials (the "Law Enforcement Records"). (2d Mot. to Dismiss ("2d MTD") (Dkt. 58) at 2.) The Government stated that the second set of documents were obtained "from an advertising company" (the

---

[1] The Government did not style its application as a motion in limine, but rather attached it to the end of a letter covering multiple topics. (See July 6, 2016, Gov't Ltr. (Dkt. 80).)

1

"Advertising Company Records"), though the Government later clarified that it obtained those documents indirectly through foreign law enforcement officials. (Opp'n to 2d MTD ("2d MTD Opp'n) (Dkt. 68) at 4.)

After receiving Bates-stamped PDF versions of the Law Enforcement Records in discovery, Defendant requested original copies of those documents. (Mot. to Compel ("MTC") (Dkt. 61) at 2.) In response, the Government provided two copies, one in Word format and one in PDF format. (Id.) Defendant notes that, while the metadata of both original copies of the Law Enforcement Records indicate they were authored by "M.G.", the metadata of the Law Enforcement Records produced in discovery indicates that copy was "authored" by the AUSA. (Reply to MTC Opp'n ("MTC Reply") (Dkt. 74) at 2-3.) Defendant also states that there were differences in margin and document sizes between the original and discovery copies of the Law Enforcement Records. (Id. at 3.) Based on these objections, Defendant stated that he anticipated calling the AUSA as a "witness to testify about the chain of custody of this record." (Id. at 3.)

Defendant also requested original copies of the Advertising Company Records. (See 2d MTD at 7.) In response, the Government provided an Excel document, also authored by "M.G." (Id. at 7; MTC Reply at 3.)

With respect to both sets of records, Defendant objected that both sets of records "contain no date, no subject line, no protocol number, [and] no name or signature of the person preparing it." (MTC at 2; 2d MTD at 2-3.) Based on this, Defendant's counsel stated that he was "ready to swear to this Court that, as a matter of Italian law, [the Law Enforcement Records] cannot be an official Italian government record." (MTC at 2.)

Following inquiry by Defendant, the Government indicated that it intended to offer certifications as to both the Law Enforcement and Advertising Company Records under Federal

Rule of Evidence 902(3).[2] (Tr. of July 6, 2017, Hr'g ("Hr'g Tr.") (Dkt. 96) 30:13-17.) The Government also stated that it will not offer the copies of those documents produced in discovery at trial, but will instead rely on "printouts of the original documents" and summaries of business records. (Gov't Suppl. Br. in Supp. of MIL ("MIL Suppl. Br.") (Dkt. 107) at 3.)

## II.  DISCUSSION

The Government seeks to preclude Defendant from arguing that the government forged[3] copies of the documents produced in discovery and from calling the AUSA as a witness at trial. (MIL at 6.) The Government contends that Defendant's arguments that the Government altered discovery materials are irrelevant to the issues at trial, as the Government will not rely on the copies produced in discovery at that time. For the same reason, the Government also argues that Defendant fails to make the heightened showing needed to call a prosecutor as a trial witness. The court agrees: Defendant is precluded both from arguing that the Government forged or altered documents produced in discovery and from calling the AUSA as a trial witness.

### A.  Legal Standard

Criminal defendants enjoy a constitutional right to present a defense. United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citations omitted). That right is not absolute, however, and "must be balanced against a court's leave to set reasonable limits on the admission of evidence." Id. (citations omitted); see also United States v. Morel, 751 F. Supp. 2d 423, 431 (E.D.N.Y. 2010)

---

[2] Federal Rule of Evidence 902(3) states that documents that "purport[] to be signed or attested by a person who is authorized by a foreign country's law to do so" are self-authenticating if they are "accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester." Fed. R. Evid. 902(3).

[3] In response to the Government's motion, Defendant's counsel argues that he "never stated that the prosecutor 'forged' documents" but only stated that "some PDF documents provided by the government . . . did not look genuine to our experts or to Defendant." (Response to Opp'n to MIL (Dkt. 110) at 1.) While it is true that Defendant has never stated directly that the Government "forged" the documents, he has made multiple motions predicated on his concern about the "authenticity" of the documents provided to him by the Government. (See, e.g., Mot. to Compel (Dkt. 61) at 3 ("There are serious doubts about the authenticity of [the Law Enforcement and Advertising Company Records].").)

3

(excluding under Federal Rule of Evidence 403 defendant's proposed evidence that government initially declined to prosecute him).

The admissibility of evidence at trial is determined by the Federal Rules of Evidence, and only relevant evidence may be admitted. Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Moreover, even relevant evidence may be excluded if the court determines that "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As a general matter, allegations of misconduct by the Government are irrelevant to guilt or innocence, and "[i]t is established Second Circuit law that allegations of prosecutorial misconduct are properly directed to the judge, not the jury." United States v. Dupree, 833 F. Supp. 2d 255, 270 (E.D.N.Y. 2011), vacated and remanded on other grounds 706 F.3d 131 (2d Cir. 2013) (collecting cases).

1.   Restrictions on Calling Prosecutors as Witnesses

As a general matter, "'[l]awyers representing litigants should not be called as witnesses in trial involving those litigants if such testimony can be avoided consonant with the end of obtaining justice.'" United States v. Bin Laden, 91 F. Supp. 2d 600, 622 (S.D.N.Y. 2000) (quoting United States v. Alu, 246 F.2d 29, 33 (2d Cir. 1957)). These concerns are elevated where the attorney in question is a prosecutor. Id. "A defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so." United States v. Regan, 103 F.3d 1072, 1083 (2d Cir. 1997) (citing United States v. Schwartzbaum, 527 F.2d 249, 253 (2d Cir. 1975)).

B. Application

The court grants the Government's motion to preclude Defendant from arguing at trial the Government forged or altered copies of documents produced in discovery. Even if credited,[4] Defendant's allegations that the Government falsified documents in discovery would have no bearing on the issues at trial, including the reliability of the evidence offered against Defendant. The Government has represented that, at trial, it will rely on and authenticate copies of the original records, not those produced in discovery. (MIL Suppl. Br. at 3.) Defendant will have the opportunity to challenge the authenticity of documents presented as trial exhibits at that time. His allegations of Government tampering with documents produced in discovery does not, however, have any relevance to the authenticity of the entirely separate set of documents to be offered as trial exhibits. Moreover, even if claims of malfeasance in connection with the discovery copies had some marginal evidentiary value, they would risk inspiring the jury to improperly discredit the Government's case based on almost entirely unsupported allegations of malfeasance during discovery. Thus, even if relevant, the evidentiary value of arguments and any supporting evidence is substantially outweighed by the potential for unfair prejudice to the Government and jury confusion.

For substantially the same reasons, Defendant will not be permitted to call members of the prosecution as witnesses. Defendant's only apparent basis for seeking to compel the AUSA to testify is his claim that the Government engaged in discovery misconduct. (MTC Reply at 3.) Given the court's finding that this argument is irrelevant, Defendant certainly cannot make out

---

[4] The court notes that it previously rejected Defendant's arguments regarding the authenticity of documents produced in discovery and allegations that the Government tampered with those documents. (See, e.g., Hr'g Tr. 15:23-16:6.)

5

the "compelling and legitimate reason" needed to justify calling the AUSA at trial. <u>Regan</u>, 103 F.3d at 1083.

## II. CONCLUSION

For the foregoing reasons, the Government's motion <u>in limine</u> (Dkt. 80) is GRANTED. At trial, Defendant is precluded from (i) arguing that the Government forged the copies of documents it produced to Defendant in discovery, or (ii) calling Assistant United States Attorney Saritha Komatireddy as a witness.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 19, 2017

NICHOLAS G. GARAUFIS
United States District Judge

6