## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

———————————————————
                           )

UNITED STATES OF AMERICA,      )
             Plaintiff,      )     16-cr-441
                          )

    v.                          )
                          )

FABIO GASPERINI,          )    **DEFENDANT'S**
            Defendant.   )    **SENTENCING MEMORANDUM**
———————————————————)

Defendant, Fabio Gasperini, by and through his attorney, respectfully submits this sentencing memorandum.

### THE PRESENTENCE INVESTIGATION REPORT

The Government indicated that they would agree to a waiver of the Presentence Investigation Report. See ECF 156.

Under Rule 32(c)(1)(A)(ii), a sentence can be imposed without a Presentence Investigation Report if the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record.

Defendant agrees to a waiver of the Presentence Investigation Report, provided that what was represented by the Government in a letter dated August 8, 2017 is accepted as true, and it is incorporated to the record during sentencing.

The government wrote:

> "The defendant was arrested by foreign law enforcement authorities in Amsterdam, the Netherlands on June 18, 2016.
>
> The arrest was made pursuant to a provisional arrest request issued by the United States in connection with this criminal case. [. . .]

Dutch authorities detained the defendant during that time.  On
April 20, 2017, the defendant was extradited from Amsterdam and
arrived at John F. Kennedy International Airport in the Eastern
District of New York.
A magistrate judge in the Eastern District of New York arraigned
the defendant the next day and ordered him detained pending trial.

The defendant has remained in the custody of the Bureau of
Prisons since that date."
*See* ECF 156. *See also* **Exhibit A.** See also enclosed as **Exhibit B**
official documents from The Netherlands stating that no record of
Fabio Gasperini exists.

## ARGUMENT

Under 18 U.S. Code § 3553, the Court, in determining the particular sentence to be

imposed, shall consider—

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for
the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most
effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established
for—
(A) the applicable category of offense committed by the applicable
category of defendant as set forth in the guidelines—

### 1.   The nature and circumstances of the offense.

Gasperini was found guilty of one misdemeanor count of "obtaining information" from a

protected computer, in violation of 18 U.S.C. § 1030(a)(2)

The term "obtaining information" is an expansive one that includes merely viewing information without downloading or copying a file. *See* S. Rep. No. 99-432, at 6; *America Online, Inc. v. National Health Care Discount, Inc.*, 121 F. Supp. 2d 1255, 1275 (N.D. Iowa 2000).

Information stored electronically can be obtained not only by actual physical theft, but also by "mere observation of the data." *Id.*

Here, there was no evidence introduced at trial that would even suggest theft of information. Moreover, the "information" at issue here consists of the NAS device's I.P. address, the architecture type, and availability of ports. As Defendant contended during pretrial motions, this is not the kind of information that 18 U.S.C. § 1030 protects.

Notably, there was no evidence introduced at trial as to the value of such information. Likewise, there was no evidence that would even suggest that defendants prevented "victims" from capturing and monetizing the full value of their NAS devices' information for themselves.

**A.  This offense involved no harm or loss to the NAS devices' owners.**

This case is unique and substantially different from all other prosecutions under 18 U.S.C. § 1030(a)(2).

For instance, in *Am. Online v. LCGM, Inc.,* 46 F. Supp. 2d 444 (E.D. Va. 1998), Defendants exceeded authorized access and impaired computer facilities in order to harvest e-mail addresses of other members using extractor software programs.

As another way of example, in *United States v. John*, 597 F.3d 263 (5th Cir. 2010), Defendant accessed information on her employer/bank's computer system, removed highly sensitive and confidential information, and ultimately used it to perpetrate fraud on employer and its customers.

As another way of example, in *NCMIC Fin. Corp. v. Artino*, 638 F. Supp. 2d 1042 (S.D. Iowa 2009), Defendant used his former employer's computer to copy customer spreadsheet and access certain credit information on behalf of a competitor.

As another way of example, in *United States v. Rodriguez*, 628 F.3d 1258 (11th Cir. 2010) Defendant accessed personal identifying information of 17 persons on his employer's database without authorization.

One of the notes of the 2016 U.S.S.G.M. §2B1.1 (page 109) provides:

> "The Commission has determined that, ordinarily, the sentences of defendants convicted of federal offenses should reflect the nature and magnitude of the loss caused or intended by their crimes.
>
> Accordingly, along with other relevant factors under the guidelines, loss serves as a measure of the seriousness of the offense and the defendant's relative culpability and is a principal factor in determining the offense level under this guideline".

Here, in determining the sentence to be imposed to Defendant, the Court should consider that there was no evidence at trial that the NAS devices' owners suffered *any* kind of harm or loss.

**B.  The offense was committed at the end of 2014.**

In determining the sentence to be imposed, the Court should also consider that the offense was committed at the end of 2014. At the time of the arrest, Defendant was gainfully employed and there is not even an allegation that he was involved in any illegal activity.

Therefore, there is no need to protect the public from further crimes of the defendant. And, if anything, the lengthy pretrial detention will sufficiently deter Defendant from engaging in any future criminal conduct.

## 2.   The characteristics of the Defendant.

At trial, the Government introduced evidence of Gasperini's current employment. Gasperini's resume was also introduced into evidence. The resume shows a continuity of employment after high school graduation.

More importantly, Gasperini does not have a criminal record. See an Italian official Court record bearing an Apostille and an English translation enclosed under **Exhibit C**.

## 3.   The Sentencing Guidelines' range.

Under the U.S.S.G.M. §2B1.1, an offense under 18 U.S.C. § 1030(a)(2) has a base level 6, making sentencing fall between the 0-6 range.

As stated before, no evidence of harm or loss to anyone was introduced at trial. More importantly, it appears that no enhancement applies to this sentence.

In fact, this offense was *not* committed for purposes of commercial advantage or private financial gain; it was *not* committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; and the value of the information obtained did *not* exceed $5,000.

Had that been the case, the jury would have convicted Gasperini of the felony charge under Count Two of the Indictment. But that is not what happened here. Gasperini was convicted of a single misdemeanor count, and he should be given a light sentence. As Your Honor repeatedly instructed the jury at trial, the indictment is *not* evidence. And the prosecutor's argument as to the existence of 150,000 infected computers remains an unproven allegation.

## RESTITUTION OF PERSONAL PROPERTY TO DEFENDANT

Defendant respectfully requests restitution of his personal property, namely his cellphone, because no evidence was introduced at trial showing that it was used in committing the offense.

## CONCLUSION

For the foregoing reasons, the Court should impose to Defendant a nominal sentence of one day of incarceration.

Dated: August 9, 2017                                    Respectfully submitted,

*/s/Simone Bertollini, Esq.*
SIMONE BERTOLLINI, ESQ.
simone.bertollini@gmail.com
Law Offices of Simone Bertollini
450 Seventh Ave, STE 1408
New York, NY 10123
Tel: (212) 566-3572
Attorney for Defendant